# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

MICHAEL LEE COWAN                                    PETITIONER
ADC # 81896

v.                          5:12-cv-00296-DPM-JJV

RAY HOBBS, Director, Arkansas
Department of Corrections                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States

District Judge D. P. Marshall Jr.   Any party may serve and file written

objections to this recommendation.  Objections should be specific and should

include the factual or legal basis for the objection.   If the objection is to a

factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than

fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections

may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit

new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.     BACKGROUND

Mr. Cowan was convicted of two counts of second degree sexual assault

on March 18, 2010, in the Sebastian County, Arkansas, Circuit Court, and sentenced as a career offender to eighty (80) years imprisonment. (Doc. No. 1 at 1.)   He appealed and the Arkansas Court of Appeals affirmed his conviction on October 27, 2010. (*Id.* at 2.)  Mr. Cowan then filed a Rule 37 petition for post-conviction relief on December 3, 2012. (Doc. No. 13-4.)  His Rule 37 petition was denied without a hearing on December 16, 2012. (Doc. No. 13-5.)

Mr. Cowan appealed to the Arkansas Supreme Court, alleging that his trial counsel was ineffective for failing to object to prejudicial testimony; he himself was incompetent to waive his right to testify because he was delusional; the circuit court erred in denying him his right to allocution; and that his trial counsel failed to allow him to testify on his own behalf. *Cowan v. State*, 2011 Ark. 537 at 1, ___S.W.3d___(2011).  The Arkansas Supreme Court determined that Mr. Cowan's first three allegations were waived because he did not bring these before the trial court. (*Id.* at 3, 4.)  The court considered the fourth allegation on the merits, and reversed and remanded for an evidentiary hearing. (*Id.* at 7.)

On remand, the trial court held a hearing (Doc. No. 13-6) and found that Mr. Cowan's assertions were "disingenuous" and that his counsel only

advised Mr. Cowan against testifying based on sound trial strategy. (Doc. No. 13-7.)  On appeal, the Arkansas Supreme Court affirmed.  (Doc. No. 13 at 3.)

Mr. Cowan filed the present Petition for Writ of Habeas Corpus (Doc. No. 1) on August 2, 2012, alleging that (1) his trial counsel refused to allow him to testify on his own behalf; (2) his trial counsel failed to introduce exculpatory evidence and object to improper and prejudicial testimony; (3) he was deprived of his right to cross-examine one of the victims; (4) he was denied his right to due process as a result of cumulative trial-court errors; (5) the Arkansas Rape Shield Statute is unconstitutional and its application to his case deprived him of his right to due process; and (6) he is actually innocent because his conviction is without sufficient evidence.

## II.    ANALYSIS

### A.    Procedural Default

Of these allegations, only the first and sixth claims – trial counsel refused to allow him to testify on his own behalf and his conviction is not supported by substantial evidence – were properly presented in state court. So, claims two through five are procedurally defaulted.

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate

state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). The fair-presentment requirement exists to allow the respective "state the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

When an inmate fails to comply with the fair-presentment requirement, his or her claims will be procedurally defaulted. *Murphy*, 652 F.3d at 849. If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). At a minimum, a petitioner must show that something "external to [him], something that cannot be fairly attributed to him," caused

the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Coleman v. Thompson*, 501 U.S. at 753).

Mr. Cowan states his lawyer did not tell him and he did not realize his constitutional rights were violated until learning about them in the law library.[1] The United States Court of Appeals for the Eighth Circuit has found that a petitioner's "pro se status [or] limited educational background do not constitute sufficient cause to excuse [] procedural default." *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991). This fails to rise to the level of cause and his defaulted claims should be dismissed on this basis alone. But even if Mr. Cowan could establish cause, the Court finds that he cannot show prejudice. In its opinion affirming the circuit court's denial of Mr. Cowan's motion for a directed verdict, the Arkansas Court of Appeals considered the evidence presented against him. *Cowan v. State*, 2010 Ark. App. 715, *1-2. The court stated:

> Even if we considered the merits of appellant's argument, we
> would affirm the circuit court's denial of his motion for directed
> verdict. Viewing the evidence in the light most favorable to the

---

[1]Although Petitioner suggests he learned the rape shield statutes were unconstitutional in the prison law library, the constitutionality of the rape shield statute has consistently been upheld by the federal courts. *See Michigan v. Lucas*, 500 U.S. 145, 151-53 (1991); *United States v. Sarras*, 575 F.3d 1191 (11th Cir. 2009); *United States v. Pumpkin Seed*, 572 F.3d 552 (8th Cir. 2009).

State, substantial evidence supported appellant's two second-degree sexual-assault convictions. Our case law clearly states that when sexual contact occurs, and there is no legitimate medical reason for it, it can be assumed that such contact was for sexual gratification, and the State need not offer direct proof on that element. *McGalliard v. State*, 306 Ark. 181, 813 S.W.2d 768 (1991). Here, J.C. testified that appellant digitally penetrated her on numerous occasions, and J.C. also testified that she walked into the bathroom and witnessed appellant assaulting M.H., an autistic child, in the same manner. Appellant's sexual gratification is assumed in both instances. *Id*. Therefore, we hold that substantial evidence supported appellant's second-degree sexual-assault convictions.

*Id.*

Similarly, Petitioner cannot meet his burden for his claim of actual innocence.  To show actual innocence, Petitioner must establish that (1) *new* and *reliable* evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him.  *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added). "[T]he actual innocence gateway is very limited. Few petitioners are 'within the narrow class of cases . . . implicating a fundamental miscarriage of justice.' " *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (citations omitted)).  "[T]he miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also

satisfied that the trial was free of non-harmless constitutional error.' "
*Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schulp v. Delo*, 513
U.S. 298, 316 (1995). As discussed by the Arkansas Court of Appeals, *supra*,
the evidence introduced at trial, including the witnesses' testimony (Doc. No.
13-8), provides strong evidence that Mr. Cowan is not innocent.

### B.    Claims Addressed on the Merits

Two of Mr. Cowan's claims are properly brought before this Court:
1) his trial counsel refused to allow him to testify on his own behalf; and 2) his
conviction is not supported by sufficient evidence.[2]

---

[2]Because the court of appeals addressed the merits of Mr. Cowan's
insufficient evidence claim despite his failure to comply with state procedural
rules, this Court will consider the merits of this claim in the interest of justice
for Mr. Cowan. The trial court denied the motion and the court of appeals
found that the motion was too general to comply with Rule 33.1, stating:

> In the motion, appellant's attorney failed to identify the specific
> element of sexual contact that the State failed to establish, nor did
> the motion assert a specific flaw in the State's case. Because
> appellant's directed-verdict motion was general and did not
> inform the circuit court of appellant's specific challenges, it did
> not comply with Rule 33. 1, and the issue is not preserved for this
> court's review.

*Cowan v. State*, 2010 Ark. App. 715, *5 (2010).

The court, however, goes on to address the merits to show lack of
prejudice. *Id*.

Federal courts will "undertake only a limited and deferential review" of a state court's decision. *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011). Specifically, federal habeas relief will not be granted unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).

For purposes of 28 U.S.C. § 2254(d)(1), "[a] state court decision is 'contrary to' clearly established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'" *Worthingto*n, 631 F.3d at 495. Additionally, "[a] state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).

1.    Right to Testify

In his remanded Rule 37 petition, Mr. Cowan claimed that his trial

attorney refused to allow him to testify on his own behalf.  (Doc. No. 13-6.)
The state court denied his Rule 37 petition based on the testimony and
evidence presented at his evidentiary hearing.  (Doc. No. 13-7 at 3.)  The court
concluded that Mr. Cowan's allegations were not credible and his attorney's
trial strategy was sound.  (*Id.*)  After reviewing the record, this Court agrees.

Mr. Cowan claimed he was misled by his trial attorney into believing
he had no right to testify because he had been convicted of prior felonies.  (*Id.*
at 4-5.)  Mr. Cowan relies on a letter sent to him by his trial counsel as his
primary source of evidence for this allegation.  The letter states, "there were
so many of these prior conviction that [th]ere was no way that any reasonable
counsel would have put you on[] the witness stand. . ."  (*Id.* at 43.)  Mr.
Cowan emphasizes the words "no way" to show that his attorney would not
allow him to testify even though he wanted to.  (*Id.* at 8, 33.)  Mr. Cowan also
offers a letter from former cellmate, John Anderson, who states Mr. Cowan
told him of his desire to testify at his trial, but his trial counsel lied to him.  (*Id.*
at 44.)

Mr. Cowan's assertion that he was unaware of his right to testify is
simply not credible.  His trial counsel testified he never told Mr. Cowan that
he could not testify on his own behalf under Arkansas law. (*Id.* at 28-29.)  He

explained:

> I am positive that I would have never said that as a matter of
> Arkansas law, that he could not testify. My counsel to him was
> that he should not testify because if he did, he was subject to
> impeachment by reason of his substantial criminal history. In
> fact, my paralegal was sitting at the table with us, at counsel table
> with us during trial. After one of the witnesses testified, Michael
> turned to me and said, do you think I ought to testify? I could - -
> I don't know exactly what his words were - - maybe I should
> testify to rebut her testimony. And my secretary remembered me
> turning to him and saying, if you do, the priors are coming in
> now and not at the sentencing phase. That was - - and she was
> here earlier. Her testimony would have been that if I had said as
> a matter of law, Michael, you cannot testify, she with her
> substantial experience would have remembered that because she
> would know that's not correct. Everybody would know that's not
> correct.

*Id.* at 28-29.

It is not believable that defense counsel would lie to Mr. Cowan in this
regard. His trial counsel showed a clear strategic benefit in not having Mr.
Cowan testify, given his likely impeachment due to his lengthy criminal
record. (*Id.* at 28.) Mr. Cowan has at least five admissible felony convictions
(*Id.* at 23) and possibly up to twelve. (*Id.* at 25.)

And the Court disagrees with Mr. Cowan's interpretation of the letter
sent by his defense counsel. The letter does not imply compulsion but rather,
it explains that any reasonable attorney would have serious misgivings
toward Mr. Cowan taking the stand. (*Id.* at 30.) His lawyer testified, "that

was a shorthand way of saying that not just me, but anyone else that I have ever met that's a good criminal attorney would advise you not to testify." (*Id.*)  Moreover, Mr. Cowan has experience with the criminal justice system (*Id.* at 20-21), and was aware that another witness with a felony conviction testified at this trial.  (*Id.* at 7, 19.)

Mr. Cowan believes his testimony could have "cast doubt on the veracity of the prosecutor's one main witness" and he wanted to "educate the jury about his prior felony convictions," and to use documented evidence to show that he was not interested in sexual gratification.  (*Id.* at 10.)  He offers several documents as evidence to support his assertion: A police report showing he was not interested in sex with his fiancée (*Id.* at 12, 45); a report in which a family service worker contradicted investigators (*Id.* at 18, 46); and a record detailing his dates of incarceration (*Id.* at 49.)

Mr. Cowan's explanation of the police report, in which Vivian Collins stated she didn't think he was interested in sex, does not outweigh the obvious prejudice.   Furthermore, Ms. Collins testified at trial, so this information could have been elicited without the need for Mr. Cowan to testify.  Additionally, the list showing Mr. Cowan was in and out of prison over the span of seven years would have created substantial prejudice for the

defense without creating an alibi for the various times of abuse.  (*Id.* at 20-22.)
Also noteworthy is the fact that Mr. Cowan successfully fought, *in limine*, to
have this information excluded at trial.  (*Id.* at 38-39.)  This strategy to "have
[his] cake and eat it, too" was without merit at his Rule 37 hearing (*Id.* at 39)
and is without merit now.   Finally, this Court is in disbelief (as was the trial
court) that Mr. Cowan believes the report with statements by a family service
worker is somehow exculpatory.   The report states, "There was no evidence
presented to suggest that Michael digitally penetrated [the victim] for any
other reason other than sexual gratification.  Forcible compulsion was used.
Michael threatened to kill [the victim's] family if she told."  *(Id.* at 12.)

After carefully reviewing the record, the Court finds that his trial
counsel's decisions were grounded in sound strategy.  And Mr. Cowan fails
to show the outcome of his trial would have been different had he taken the
stand.

### 2.    Sufficiency of the Evidence

Above, the Court has thoroughly discussed the evidence supporting
Mr. Cowan's conviction.  As the trial judge stated, "I remember a lot of the
testimony because, frankly, I found the testimony of most of the State's
witnesses fairly compelling."  (*Id*. at 40.)  Therefore, the Court finds Mr.

Cowan's insufficient evidence claim to be without merit.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. Cowan's Petition for Writ of Habeas Corpus (Doc. No. 1) be

DISMISSED with prejudice.

2.      A certificate of appealability should not be issued.[3]

SO ORDERED this 19th day of December, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3]Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). In Mr. Cowan's Habeas Petition, all but two of his claims are procedurally defaulted and his surviving claims are without merit. Therefore, no certificate of appealability should be issued.